IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                    Case No. 05-40040-01-SAC

ROBIN DEAN MURPHY,

                Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion in limine. Defendant seeks to exclude the following as evidence in the upcoming trial: 1) evidence related to the issue of consent to search; 2) evidence of previous drug use by defendant; and 3) the audio portion of a certain videotape. The government opposes the motion.

**Motion in Limine Standards**

A creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence, the motion in limine gives a court the chance " 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.''

' *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)); *see also see United States v. Cline*, 188 F. Supp. 2d 1287, 1291-1292 (D. Kan. 2002). Though such rulings can work a savings in time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence. Thus, the in limine exclusion of evidence should be reserved for those instances when the evidence plainly is "inadmissible on all potential grounds." *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003). The better judicial practice is to defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975); *see, e.g., United States v. Lawless*, 153 F.3d 729, 1998 WL 438662, at *4 (10th Cir.) ("The admissibility of Rule 404(b) evidence will generally be a fact-bound determination, depending to a significant degree on the character of the other evidence admitted at trial, all of which requires a balancing of probative value versus unfair prejudice at trial." (citations omitted) ), *cert. denied*, 525 U.S. 1027 (1998).

A trial court may alter its limine ruling based on developments at trial or on its own sound judicial discretion. *Luce v. United States*, 469 U.S. 38, 41

(1984). Some in limine rulings, like those involving Rule 403, "are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (citing *United States v. Mejia-Alarcon*, 995 F.2d 982, 987 n. 2 (10th Cir.), cert. denied, 510 U.S. 927 (1993)). "A district court 'may change its ruling at any time for whatever reason it deems appropriate.' " *Martinez*, 76 F.3d at 1152 (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)).

**Evidence related to the issue of consent to search**

Defendant contends that evidence related to the issue of consent to search is inadmissible pursuant to Fed. R. Evid. 402 because it is irrelevant, has already been decided by this court, and would needlessly distract the jury's attention from the material evidence. No other basis for exclusion is alleged.

Defendant alludes to the fact that during the previous suppression hearing in this case, the primary issue was whether officers illegally entered and searched the house in which defendant resided. The court found, based upon the credibility of the witnesses, that consent was validly given. Various items of clothing incriminatory to the defendant were found in the residence.

This motion is denied. Evidence of consent, which provided the sole justification for the officers' entry into the home, is a necessary part of the

government's proof of how they came to be in the residence where they found various items linking defendant to the marijuana plot. Such evidence is necessary to complete the story of the alleged crime and is thus relevant to the charged offense.

**Defendant's prior drug use**

Defendant next seeks to exclude evidence of any prior drug use by defendant because its probative value is outweighed by its prejudicial effect under Rule 403, it lacks relevance under Fed. R. Evid. 402, it constitutes needless presentation of evidence under Fed. R. Evid. 403, and is inadmissible under Fed. R. Evid. 404(b). Defendant fails to identify with particularity the evidence which is the target of his motion. For this reason alone, defendant's motion could be denied.

The government responds that it intends to introduce testimony "regarding defendant's proclamations of prior usage of marijuana, statements regarding same and statements regarding his stash of $100,000 worth of marijuana." Dk. 109, p. 5. The brief provides no further description of the testimony at issue.[1] The government denies that this is 404(b) evidence, and

---

[1] Via e-mail, the government recently notified defendant and the court it intends to offer evidence relating to this issue from Francis Murphy, from Chad Petersen, and from three unnamed co-workers at Cloud Heating and Air, where the

4

contends solely that all such evidence is intrinsic to the crimes charged.

The parties' failure to provide further details about the challenged evidence hampers the court's analysis of whether defendant's statements or prior drug use are or are not intrinsic evidence. The court could presume, from the factual basis for Petersen's plea, Dk. 68, that the government intends to introduce evidence that defendant allegedly told Petersen that he had a marijuana field worth at least $100,000. If this is in fact the statement which the government intends to offer, and the government will show the statement was made during the dates charged in the conspiracy, the court will likely consider this to be intrinsic evidence. *See United States v. DeLuna*, 10 F.3d 1529, 1532 (10th Cir. 1993).

Conversely, any statements made by defendant to his co-workers, if made in 2002 or before, do not appear to be intertwined with the conspiracy count, allegedly begun on July 18, 2003, and would probably not be an intrinsic part of the possession alleged to have occurred on September 25, 2003. However, the parties have not clarified when such statements were made, who was present at the time, or other factors which would aid the court in its decision.

The court is unaware of any evidence the government intends to solicit from Francis Murphy regarding defendant's prior usage of marijuana.

---

court believes defendant worked in 2002.

Lacking the facts necessary to its analysis, the court shall take this motion under advisement until the time of trial, when the requisite details will be known.

**Audio portion of KHP videotape**

Lastly, defendant seeks to exclude the audio portion of a 13-minute videotape created by the Kansas Highway Patrol during its eradication of the marijuana plants which are the subject of the present charges. Defendant notes that on the tape, Trooper Shoemaker allegedly uses the term "cultivated" in reference to the plants, field, or marijuana fourteen times. Defendant's primary theory of defense is that the marijuana was wild and not cultivated. Defendant contends solely that the audio portion of the tape is an out-of-court statement, testimonial in nature, inadmissible under *Crawford v. Washington*, 541 U.S. 36 (2004).

The government responds that the videotape is largely meaningless without the narrative, and that Trooper Shoemaker will testify at trial and can further explain any taped comments.

Because Trooper Shoemaker will testify and be present for cross-examination, the Sixth Amendment confrontation concerns present in *Crawford* are not an issue here. Accordingly, no basis for exclusion of the audio portion of this tape has been shown.

IT IS THEREFORE ORDERED that defendant's motion in limine

(Dk. 106) is denied as it relates to the issue of consent to search and to the audio portion of the videotape, and is taken under advisement regarding defendant's prior drug use and all statements relating thereto.

Dated this 31st day of August, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge