IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

   Vs.                                  Case No. 05-40040-01-SAC

ROBIN DEAN MURPHY,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the sentencing of the defendant following his entry of a guilty plea to the misdemeanor charge of distributing marijuana as charged in the only count of the superseding information. The presentence report ("PSR") recommends a guideline sentencing range of 0 to 6 months from a criminal history category of one and a total offense level of 6 (base offense level of 4 pursuant to U.S.S.G. § 2D2.1(a)(3), plus 2 levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1 with no adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1). The PSR addendum contains three unresolved objections. This order rules upon these objections, but it is subject to reconsideration upon additional proof or arguments advanced at the sentencing hearing.

**Defendant's Objection No. 1:**  The PSR recommends a two-level adjustment for obstruction of justice based on evidence that the defendant committed perjury during the suppression hearing.  In his objection to this enhancement, the defendant points to the commentary at U.S.S.G. § 3C1.1, comment. (n.2)  which recognizes that "not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice."  The defendant further quotes from the order denying his suppression motion that the court said each witness had "told a coherent and facially plausible story that is not squarely contradicted by extrinsic evidence," *United States v. Murphy*, 437 F. Supp. 2d 1184, 1190 (D. Kan. 2006).

**Ruling**: U.S.S.G. § 3C1.1 mandates a two-level increase if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction . . . ."  "Committing, suborning, or attempting to suborn perjury," triggers the obstruction of justice enhancement.  U.S.S.G. § 3C1.1, cmt. n. 4.  For purposes of U.S.S.G. § 3C1.1, perjury occurs when "a witness testifying under oath or affirmation . . . gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a

result of confusion, mistake, or faulty memory." *United States v. Hawthorne*, 316 F.3d 1140, 1145 (10th Cir.) (quotation and citations omitted), *cert. denied*, 540 U.S. 884 (2003). Perjury breaks down into the factual predicates of falsity, materiality, and willful intent. *United States v. Massey*, 48 F.3d 1560, 1573 (10th Cir.), *cert. denied*, 515 U.S. 1167 (1995). Evidence or information is "material" when "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6). In ruling on a defendant's objection to an obstruction enhancement based on perjury, the court "must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition." *Id.* A district court must "be explicit about which representations by the defendant constitute perjury." *Hawthorne*, 316 F.3d at 1146.

A court may impose an obstruction of justice enhancement for perjury at a suppression hearing. *Hawthorne*, 316 F.3d at 1148-49. Based upon its recollection of the suppression hearing and its order confirming the same, the court finds the enhancement appropriate and necessary here. The defendant intentionally testified falsely at the suppression hearing that

when the officers entered his mother's house he challenged the officers as not having anyone's permission to enter and the officers replied, "We can do anything we choose to." The defendant offered this testimony in order to influence the court's determination on whether the officers had consent to search the residence. In its order, the court found that defendant's account of experienced officers' making repeated unauthorized entries into the home and flaunting unlawful powers in disregard to his and his mother's objections was "difficult to believe," "extremely implausible," and "not credible." 437 F. Supp. 2d at 1191. The substance, manner, nature and import of the defendant's testimony belie any effort to characterize it as merely inaccurate because of confusion, mistake, or faulty memory. The defendant's objection to this enhancement is overruled.

**Defendant's Objection No. 2**: The defendant objects to the PSR's failure to recommend an acceptance of responsibility adjustment.

**Ruling**: The court summarily overrules the defendant's objection. As laid out in U.S.S.G. § 3E1.1, the burden is with the defendant to demonstrate clearly his acceptance of responsibility. The commentary to this guideline explains that "[c]onduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted

responsibility for his criminal conduct," but that there may "be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, cmt. (n.4).  Because the defendant here offers no such extraordinary circumstances, he is not entitled to a sentencing reduction under § 3E1.1.  The defendant's objection is overruled.

**Defendant's Objection No. 3**:  The defendant summarily objects that his back condition and his need to care for his elderly mother are circumstances that may justify a departure from the guidelines.

**Ruling**:  The defendant bears the burden of proving he is entitled to a downward departure.  *United States v. Constantine*, 263 F.3d 1122, 1128-29 (10th Cir. 2001).  Neither the PSR nor its addendum offers the necessary proof of that kind and degree of mitigating circumstances which would warrant a departure in this court's discretionary judgment.

IT IS THEREFORE ORDERED that the defendant's objections to the PSR are overruled.

Dated this 22nd day of June, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge